UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| R.S.L., a minor, by and through her guardians, SEAN LOMBARDO and NINA LOMBARDO, individually and as parents of R.S.L.,<br><br>      Plaintiffs,<br> v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | CASE NO. 3:15-cv-05817-RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

  THIS MATTER comes before the Court on Plaintiffs' Motion for Protective Order. Dkt. 27. The Court has considered the motion, Defendants' Response (Dkt. 34), Plaintiffs' Reply (Dkt. 37), and the remainder of the file herein.

  This case arises out of the circumstances surrounding the December of 2011 labor and delivery of R.S.L. at a hospital operated by Defendant. The Complaint alleges that care provided by Defendant fell below the standard of care owed, causing R.S.L. permanent physical, developmental, cognitive, emotional, and psychological injuries. Complaint at ¶¶3.27, 4.2-4.5.

ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER - 1

The motion raises the question of whether Defendants should be permitted to depose R.S.L. The deposition should not be permitted, according to Plaintiffs, for two reasons: (1) the discovery deadline has elapsed, and (2) there is "little to gain from the deposition and a clear hazard of harm to the child," so protection is warranted under Fed. R. Civ. P. 26(c)(1). Dkt. 27 at 6. The undersigned will herein address both the procedural issue—the discovery deadline—and the merits of the Rule 26(c)(1) request for a protective order.

**1. Discovery deadline.**

    a. Background.

The controlling scheduling order, the Amended Scheduling Order (Dkt. 17), sets out a general discovery deadline of July 10, 2017. Dkt. 17 at 1. On July 7, 2017, the parties submitted a "Stipulation and Proposed Order for Extension of Discovery Deadline" ("the Stipulation"). Dkt. 23. The Stipulation states:

> The parties, by and through their counsel of record, hereby STIPULATE AND AGREE to an extension of the following pre-trial deadline:
>
> | **Description** | **Old Deadline** | **New Deadline** |
> |---|---|---|
> | Discovery Deadline | July 10, 2017 | September 29, 2017 |
>
> . . .
>
> The current [discovery] deadline . . . is July 10, 2017, allowing inadequate time for the parties to complete the numerous depositions of the twelve identified experts, and the anticipate rebuttal experts. Accordingly, the parties request an extension to September 29, 2017 to complete these depositions.

*Id.* at 2. The parties attached to the Stipulation a proposed order (*id.* at 3), which the undersigned signed without modification. The signed Order reads: "The parties having so stipulated and agreed, it is hereby SO ORDERED. The discovery deadline is extended to September 29, 2017." Dkt. 24 at 3.

On September 5, 2017, Defendant served a subpoena to depose Plaintiff R.B.L. on September 21, 2017. Dkt. 29-1. On September 7, 2017, the parties met and conferred, with Plaintiffs objecting to the subpoena as late discovery, and Defendant maintaining that the general discovery deadline had been extended to September 29, 2017 by the Order for Extension of Discovery Deadline.

b.  Discussion.

According to Plaintiffs, Plaintiffs agreed to the Stipulation "in order to allow the defense experts time to review and be deposed," and for no other reason. Dkt. 27 at 6. Plaintiffs represent that during discussions about the Stipulation, Defendant at no time mentioned the possibility of deposing R.S.L. or any other lay witnesses. *Id*. Dkt. 37 at 1. Plaintiffs contend that a "fair reading" of the Order for Extension of Discovery Deadline is that the Court extended the discovery deadline only for purposes of expert disclosures and depositions, and Defendant has not shown good cause to depart from that deadline. Dkt. 27 at 6; Dkt. 37 at 6, 7.

Defendant agrees that the Stipulation was based on the need to depose experts, but, Defendant argues, the Stipulation sought extension for the discovery deadline in its entirety. Dkt. 34 at 10. According to Defendant, this interpretation is illustrated by Plaintiffs' conduct, because Plaintiffs deposed a fact witness on September 8, 2017, and Plaintiffs did not object to the timeliness of recent written discovery served on Plaintiffs by Defendant. *Id*.

Plaintiffs note that Defendant did not object to the timeliness of Plaintiffs' September 8, 2017 deposition, which Defendant now uses as a sword. Dkt. 37 at 3, FN1, 7. Plaintiffs acknowledge that they did not object to recent written discovery requests. *Id*.

The Court first addresses the issue of whether the discovery deadline elapsed prior to service of the R.S.L. deposition subpoena, because, if so, Defendant would need to convince the Court of its good cause need to modify the Amended Scheduling Order.

The Court finds that the Order for Extension of Discovery Deadline is best read as an extension of the discovery deadline generally. This interpretation is supported by the text of the Order itself, the Stipulation, and the discovery practice of the parties since issuance of the Order. The language submitted in the proposed order, "discovery deadline is extended to September 29, 2017," is not ambiguous, nor does it place any limitation on the discovery. The parties could easily have drafted a proposed order limiting discovery to experts only, but apparently chose not to do so. The Stipulation, under a "Description" header, refers to extension of the Discovery Deadline, again, without other limitations. Dkt. 23 at 1, ln 20-24. The parties' discovery practice also reflects this interpretation. Both parties have conducted non-expert discovery without objections by the opposing party, and the parties did not submit any additional stipulations seeking to extend the discovery deadline to non-expert discovery.

Because the Order for Extension of Discovery Deadline should be interpreted to extend the general discovery deadline to September 29, 2017, Defendant's R.S.L. deposition subpoena, served on September 5, 2017 and scheduled for September 21, 2017, is not untimely. Defendant therefore need not show good cause to conduct said discovery.

**2. Rule 26(c)(1) Protective Order.**

    a. Standard.

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). However, "[t]he court may, for good cause, issue an order to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Good cause" is established where the party seeking a protective order shows "specific prejudice or harm [that] will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," are insufficient. *Id*.

    b. <u>Discussion</u>.

The parties have opposing views of whether R.S.L. should be deposed because of the likelihood of "undue stress." According to Dr. Stephen Grant, Plaintiffs' expert, deposing R.S.L. "will produce little substantive information," because "[d]ue to her various deficits . . . [i]t is unlikely that she will understand the process and be able to participate in any meaningful fashion." Dkt. 28 at ¶¶1, 4, 5. Further, states Dr. Grant, a deposition will be "particularly difficult for a young child with [R.S.L.'s] sensitivities," and although Dr. Grant does not expect any permanent damage, "undergoing a deposition would cause [R.S.L.] undue stress," and it is "reasonably foreseeable that forcing a deposition could negatively impact" R.S.L.'s transition into Kindergarten. *Id*. at ¶¶8-10. Defendants' expert, Dr. Peter Kollros, states that Dr. Grant's opinion "goes beyond Dr. Glass' area of expertise" by speculating about the harm of deposing R.S.L. Dkt. 35 at ¶¶2, 3. According to Dr. Kollros, the deposition is unlikely to cause any harm to R.S.L.'s transition to school. *Id*.

    The parties also have opposing views of what has transpired regarding Plaintiffs' production of video footage discovery. Plaintiffs contend that they have been diligent in producing discovery, but that finding footage has been difficult, due to the fact that Plaintiffs have recorded videos using multiple electronic devices, and Plaintiffs have moved six times in the last five years, due to Plaintiff Sean Lombardo's career in the military. Dkt. 37 at 4.

According to Defendant, Plaintiffs have not been entirely forthcoming about not disclosing videos, and it is only through Defendant's persistence and independent investigation that Defendant has been able to obtain video footage discovery. Dkt. 34 at 3-5, 9, 10.

Finally, the parties disagree as to whether the deposition will yield any discoverable evidence. Plaintiffs maintain that deposing R.S.L. cannot yield helpful information, because R.S.L. cannot recall her own birth delivery, and she lacks the capacity to explain her own damages. Dkt. 37 at 3. Defendant argues that observing R.S.L. is relevant to assessing the degree to which R.S.L. sustained permanent cognitive damage and suffers a loss of enjoyment of life.

As a threshold matter, the Court finds that the deposition of R.S.L. seeks bona fide discovery. The deposition may reveal information relevant to determining the scope of harm to the child. Plaintiff Nina Lombardo, mother to R.S.L., states that she "often heard that [R.S.L.'s] behavior and other cognitive issues may be a phase or that [R.S.L.] would grow out of it . . . She has not." Dkt. 39 at ¶¶26, 27. Because the attorneys are not experts, R.S.L.'s deposition may only be of limited utility, but the degree to which R.S.L. can function—or not function—as a healthy child is discoverable.

The issue of whether to protect R.S.L. from the deposition is a closer call. The Court cannot find that Plaintiffs have met their burden to show a particularized need to protect R.S.L. from annoyance, embarrassment, oppression, or undue expense. Deposing R.S.L. is related to Defendant's prior discovery efforts to obtain video footage discovery. Defendant made multiple efforts to this discovery, and although the Court assumes no improper motive by Plaintiffs, Defendant's discovery efforts have been curbed at least in part by Plaintiffs. Plaintiffs have not shown use of aggressive discovery tactics by Defendant, nor does the record indicate any. Although Plaintiffs' expert opines that R.S.L.'s deposition will likely disrupt R.S.L.'s transition

to Kindergarten, it seems probable that R.S.L. was subjected to much more intense circumstances when examined by the parties' experts. The possibility of serious educational disruption appears remote, especially where Defendant will be required to conduct a deposition limited in scope. *See below*.

Plaintiffs have not made a sufficient showing under Rule 26(c)(1). Defendant should be permitted to depose R.S.L.

3. **R.S.L.'s Deposition.**

The parties have agreed to an October 13, 2017 date to depose R.S.L. For the limited purpose of deposing R.S.L., the discovery deadline should be extended beyond September 29, 2017.

R.S.L.'s deposition should be limited in duration. To the extent that Plaintiffs seek to limit the deposition, as an alternative to prohibiting the deposition altogether, Plaintiffs' motion should be granted. Defendant should not inquire of R.S.L. for more than thirty (30) minutes. Defendant should also take appropriate measures to make the deposition as comfortable as possible for R.S.L., considering, for example, the day of the week, time and setting of the deposition, the number of adults present[1], and the type and tone of questions asked. Defendant is urged to show careful sensitivity to R.S.L.'s needs, which may require use of atypical means. It is likely that the deposition will be more an opportunity to observe R.S.L. than to glean verbal information from R.S.L.

\* \* \*

---

[1] Although not directly applicable, 18 U.S.C. §3509 may provide some guidance. *See* §3509(a)(2)(B)(iii) (Listing the persons permitted to attend videotaped deposition of a child-victim, including those "whose presence is determined by the court to be necessary to the welfare and well-being of the child.")

ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER - 7

1  THEREFORE, Plaintiffs' Motion for Protective Order (Dkt. 27) is GRANTED IN PART, to the extent that Plaintiffs seek to limit the length of R.S.L.'s deposition. Defendant may depose R.S.L., but shall be limited to thirty (30) minutes. Defendant is strongly encouraged to take appropriate measures to make the deposition as comfortable as possible for R.S.L. Plaintiffs' motion is OTHERWISE DENIED.

The discovery deadline is extended beyond September 29, 2017 for R.S.L.'s deposition.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of September, 2017.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge